## THE LONE STAR COMPANY, Appellants, *v.* THE WEST POINT COMPANY, Respondents.

In a controversy between two mining companies, it was competent to prove the execution of certain receipts for water purchased by the plaintiffs, as tending to show the existence of the company, and that it had actually located, and was in operation, at the time the receipts purport to be signed.

APPEAL from the County Court of Placer County.

*Joseph S. Conn,* for Appellants.

*Hall* and *Hillyer,* for Respondents.

No briefs on file.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This case comes before us in such an unsatisfactory manner, that it is almost impossible to decide it.

The only errors appearing on the record, are in the admission of evidence, and scarce sufficient testimony is set out to show the relevency or materiality of that which was excluded.

On the trial of the case, the plaintiffs, to establish the priority of their location, offered as a witness one James H. Berry, and proposed to prove certain receipts, signed by him as water agent, for water purchased by the Lone Star Company, which receipts were excluded by the Court. This was a controversy as to location, and it seems to me that the receipts should have gone to the jury, as tending to show the existence of the Company, and that it had actually located and was in operation at the time the receipts purport to have been signed.

Judgment reversed, and new trial ordered.